# IN THE COURT OF APPEALS OF IOWA

No. 17-0112
Filed May 2, 2018

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CARL ALLEN WEST,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Carl West appeals his conviction of murder in the second degree.

**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MAHAN, Senior Judge.**

Carl West appeals his conviction of murder in the second degree. Upon our review, we affirm.

West was an addict and dealer of methamphetamine and opiates. He regularly used and sold methamphetamine with Matthew Cizek. Over time, West "decided to stop giving [Cizek] drugs" because he believed Cizek was "becoming very paranoid" and "saying lots of crazy things," and Cizek "never seemed to have any money" to pay for the drugs he was supposed to be selling for West. However, West remained friendly with Cizek, in part because West also sold drugs with Cizek's father-in-law, Michael Thompson.

On September 11, 2015, West stopped by Thompson's house. While there, West became upset during a telephone conversation with Cizek. After the phone call, West told Thompson the "next time I see [Cizek], I'm going to shoot him." Thompson thought West was joking. West left and sat outside on his motorcycle. Cizek, his wife Megan, and her sister (C.T.) arrived at Thompson's home moments later. Cizek approached West, and West shot Cizek in the chest. Megan, C.T., and Thompson each called 911. Despite medical intervention, Cizek died shortly after the shooting.

West fled on his motorcycle, and he was eventually apprehended in Colorado. The State charged him with murder in the first degree. West filed a notice of the affirmative defense of self-defense and/or intoxication. Following trial, the jury found him guilty of murder in the second degree.

On appeal, West contends his trial counsel was ineffective in failing to object to the admission of the recordings of 911 calls by Megan and C.T. as being more

prejudicial than probative because "Cizek was audibly dying in the background." According to West, although the 911 recordings were "clearly relevant evidence," they were "needlessly cumulative" (West did not dispute he shot Cizek) and "unduly prejudicial" (the jury heard Cizek's "agonal breathing," which was described by the 911 dispatcher as "the death rattles"; the moans of Cizek and the moment he ceased breathing; and Megan's statements to Cizek that she would not leave him, he would not die alone, and she loved him).

To prevail on his claim, West must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We review ineffective-assistance claims de novo.[1] *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). We observe it is unlikely West could prove the first prong of his claim. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) (noting there is no duty to pursue a meritless issue); *cf. State v. Metz*, 636 N.W.2d 94, 99 (Iowa 2001) (finding "gruesome photographs of the victim's body," used to illustrate the testimony of the medical examiner and make it comprehensible to the jury, "demonstrated the violent nature of the attack, and thus constituted material evidence of the State's assertion that the killing was done with malice and a specific intent to kill," and concluding "the district court did not err in concluding that the probative value of the photographs was not outweighed by the prejudicial effect"); *State v. Brown*, 397 N.W.2d 689, 700 (Iowa 1986) ("Murder is often a gruesome affair giving rise to equally gruesome evidence. That alone is not

---

[1] "Even though these claims are generally preserved for post-conviction relief," we will address them "when presented with a sufficient record." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). The record in this case is sufficient to permit a ruling. *See id.*

sufficient reason to exclude that evidence."); *see, e.g.*, *Pickens v. State*, 850 P.2d 328, 335 (Okla. Crim. App. 1993) (holding the 911 recording of the victim's call for help during a robbery after being shot and while "[t]he phone lines remained open as the [defendant] re-entered the store and continued his assault on [the victim]" was admissible; even though "the screams emanating from [the victim were] admittedly disturbing," "[t]he probative value of the tape . . . far outweighed any prejudice" to the defendant, and "[b]y his own conduct, [the defendant] created the situation and determined the manner in which the crime was committed").

In any event, we conclude West's claim fails because he has not shown he was prejudiced by counsel's alleged breach.[2] *See Maxwell*, 743 N.W.2d at 196 ("[I]f the claim lacks the necessary prejudice, we can decide the case on the prejudice prong of the test without deciding whether the attorney performed deficiently.").

The jury heard from multiple witnesses who watched West shoot Cizek. The jury also received testimony from several witnesses who observed the immediate aftermath of the shooting. Megan described her efforts to resuscitate her husband and her last words to him. West admitted he shot Cizek. The medical evidence showed the bullet from West's gun fragmented upon impact and caused extensive damage to multiple organs in Cizek's body. The jury was shown photographs of Cizek's lethal injury. The jury heard evidence West fled and was

---

[2] To prove prejudice, West "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687. In making this determination, we consider the evidence as a whole as well as the extent of the effect of counsel's purported error on the overall trial. *See State v. Graves*, 668 N.W.2d 860, 882-83 (Iowa 2003).

later apprehended in Colorado. In sum, considering the overwhelming evidence that was properly admitted, the record affirmatively establishes a lack of prejudice in this case. *See State v. Newell*, 710 N.W.2d 6, 20 (Iowa 2006).

Upon consideration of the issue raised on appeal, we affirm West's conviction for murder in the second degree.

**AFFIRMED.**